SAMUEL M. PHILLIPS & *al. vs.* ISAAC PURINGTON.

Where the partnership is first established by other proof, the admissions of one partner may be received to charge the partnership in relation to transactions during its existence.

A ship may be held by part owners in partnership, as any other chattel.

Where goods have been delivered on an order, proof of the admission of the debt by the purchaser dispenses with the production of the order.

On the question whether a partnership did or did not exist, the declarations of the alleged partners, unaccompanied by acts, and unconnected with any of their declarations proved by the other party, are inadmissible in their own favor.

Testimony by the attorney who made a writ, that he had made diligent search and inquiry therefor and could not find it, and *that he last saw it in the hands of the officer,* is not sufficient proof of the loss of the writ to admit parol evidence of its contents.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Assumpsit brought against *Purington* and *James Temple,* who died since the commencement of the action, to recover the value of a quantity of iron. The delivery of one parcel of the iron was proved by the books and suppletory oath of the plaintiffs, and it appeared that the residue of the iron had been delivered on written orders. The iron was shown to have been used in the building of a vessel. During the trial the plaintiffs offered to prove the admissions of *Temple* to show the amount due them for the iron.

The defendant denied any partnership between him and *Temple,* or that he was a part owner of the vessel, while building, and objected to this testimony, and to the admission of any evidence to prove the delivery of the iron, delivered on orders, without the production of the orders. The Judge ruled, that if the plaintiffs made out the fact of the existence of a copartnership by other evidence, that then the declarations of *Temple* were admissible as evidence to show the amount of the plaintiffs' claim, and the testimony was given. The defendant offered evidence, that he had commenced an action against *Temple,* and caused the same vessel to be attached as his property. Objection was made, and the Judge ruled, that the defendant might prove the fact of the attachment, but not at whose suit, without producing the writ or proving it to have been lost. The defendant then proved by the attorney who made the writ, that he had searched for it, and could not find it, and that he last saw it in the hands of the officer. The Judge ruled, that the objection was not removed by this evidence. The defendant then offered in evidence his own statements, made while the vessel was building, and conversations with *Temple,* and statements of *Temple,* to show that there was no partnership between them. The Judge ruled, that all such declarations and conversations were inadmissible, unless connected with acts done, or unless they were parts of the same conversations and statements, respecting which the plaintiffs had previously inquired. The Judge instructed the jury, that if they found from evidence other than *Temple's* declarations, that there was a copartnership in building the vessel between *Temple* and *Purington,* that then the admissions of *Temple* would be proper evidence in showing the existence and amount of the claim of the plaintiffs against them ; and if they did not so find from other evidence, that this should be disregarded. The jury found a verdict for the plaintiffs for the full amount of their claim, and the defendant filed exceptions.

*F. Allen,* for the defendant, argued, that the testimony offered by the plaintiffs, and objected to by the defendant, ought not to have been admitted ; and also that the Judge erred in excluding the testimony offered by the defendant, and rejected. He cited *Thomas* v. *Harding,* 8 *Greenl.* 417 ; 3 *Kent,* 22, 23 ; *Harding* v. *Foxcroft,* 6 *Greenl.* 76 ; *Marshall* v. *Winslow,* 2 *Fairf.* 58 ; 3 *Johns.*

*R.* 528 ; 15 *Johns. R.* 409 ; 9 *Cowen,* 433 ; 7 *Cowen,* 650 ; *Parker* v. *Merrill,* 6 *Greenl.* 41 ; *Baring* v. *Calais,* 2 *Fairf.* 463.

*J. S. Abbott* and *Moody,* for the plaintiffs, supported the ruling of the Judge, and cited *Savage* v. *Balch,* 8 *Greenl.* 27 ; *Hale* v. *Smith,* 6 *Greenl.* 416 ; *Parker* v. *Merrill, ib.* 41 ; *Alden* v. *Gilmore,* 13 *Maine R.* 178.

The case stood over for advisement, and the opinion of the Court was prepared by

SHEPLEY J. — The declarations of *Temple* were not admitted until after the jury had found from other testimony the existence of a partnership between the defendant and *Temple* in building the vessel. The partnership being first established, the admissions of one partner may be received to charge the partnership in relation to transactions during its existence. 6 *Greenl.* 41 ; 8 *Greenl.* 421.

It is contended, that they were not partners, but tenants in common of the vessel. Such is the usual relation of part owners, but they may become partners. 6 *Greenl.* 77 ; 3 *Kent,* 154. It appears from the case, that a partnership was denied, and that the jury found its existence.

A party may waive his right to the production of testimony to prove a debt against him, by admitting it to be due from him ; and the admission of the debt of the plaintiffs by one of the partners dispensed with the production of the orders and other proofs.

The excluded declarations of *Temple* were those made in his own favor, and they were of course correctly excluded under the circumstances stated in the case.

Proof of the existence of a suit, should be made by the production of the exemplification of the record ; but where there has been a loss or a suppression, as in 7 *Greenl.* 236, other evidence may be admitted. There does not appear to have been such proof of loss in this case as to authorize it.

*Exceptions overruled.*